*2 The opinion of the court was delivered by
Bermudez, C. J.
The only question presented in this controversy is, whether the plaintiff is or not entitled to interest on his claim for $10,876.18 against the city, which interest the lower court declined to allow.
The claims which the plaintiff presses aróse under contracts made in 1884 and 1886 by the city and the Brush Electric Light and Power Company, in which it was stipulated that the amounts to become due were “to be paid in equal and monthly instalments, * in cash current money, on the first day of each and every month, or as soon thereafter as such amounts may be properly ordinanced for, in the usual manner.”
It appears that, accordingly, appropriations were made monthly to meet such engagements, and the Comptroller was directed to warrant on the Treasurer in payment of the same whenever there shall be money in the City Treasury to the credit of the appropriated fund— qnroper ordinances being adopted in furtherance.
The testimony shows that there has never been any money in the Treasury, or money collected which ought to have gone into it, out of which the claims could be legally paid, and also that no demand was made for payment to the city.
In order to determine whether the plaintiff is entitled to the interest, it becomes necessary to ascertain if the city is or not in default.
The law says that the damages due for delay in the performance of an obligation to pay money is called interest (R. O. C. 1935), and that the penalty is forfeited, only when he who has obligated himself is in default. R. O. O. 2126.
Hence it is, that legal interest runs on a claim only when payment is demandable and exigible.
In the present instance, the agreement as to payment was, that the amounts due were “to be paid in equal and monthly instalments on the first day of each and every month, or as soon thereafter as such amounts may be properly ordinanced for in the usual manner.”
Those who deal with municipal corporations are bound to know, at their peril, what are the rights vested in them, and in what manner and under what circumstances the powers conferred can be exercised. Dillon on M. C., see. 457.
The Electric Company, from whom the plaintiff derives the claims *3 which he presses, therefore well knew that, under Act 30 of 1877, which must be read into the contract, no city officer could issue any warrant for payment of money, unless against money actually in the Treasury of the corporation.
It is true that the City Council has passed ordinances for the payment of the several items constituting the claim of the plaintiff; bub the Council has been careful, in each and every ordinance, to direct payment of the same whenever there shall be money in the Oity Treasury to the credit of the appropriated fund. The Comptroller could issue a warrant and the Treasurer could pay the same only in the contingency that there would be mone3r in the municipal coffers out of which the same could be satisfied.
It did enter in the consideration of the contract, that the amounts would be paid monthly, or as soon as the amounts could be properly ordinanced for in the usual manner.
The contract meant, the city will pay in.the month following, if there is money in the Treasury, and if. there is none, as soon after that time of payment as there shall be money in the Treasury on which a warrant can be drawn legally.
The-ordinances were therefore very guarded, and as theyare relied - on by the plaintiff, they conclude Mm.
It is therefore clear, that when the company, in whose place the plaintiff stands, contracted with the city, it did so on the faith that it would be paid out of expected revenues, to be appropriated for its payment, and merely acquired rights to be paid out of such fund, contingent upon its being realized and paid into the Treasury, and upon a warrant being drawn therefor only when actually deposited there. 33 An. 571; 39 An. 982.
Since there has not been any money in the Treasury on which warrants could have been drawn, how can it, therefore, be said that the city is in defaultf
It is evident that the oity could have been considered guilty of a breach of contract only if there had been funds in the Treasury, and if a demand by plaintiff to be paid out of it had been declined by the city.
Had there been funds, and had the city refused, there would have been a delinquency, -and as a penalty for failing to perform her obligation, the city would have been liable for judicial interest to the plaintiff for damages.
*4 Under the showing made the city was not in default, and the plaintiff can not recover the interest claimed and denied below.
Judgment affirmed.